BEKER INDUSTRIES CORP., PLAINTIFF *v.* UNITED STATES, ET AL., DEFENDANTS

Court No. 83–12–01818

Before RESTANI, *Judge.*

(Dated June 5, 1984)

*Skadden, Arps, Slate, Meagher & Flom (Rodney O. Thorson, Esq.)* for the plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, and *Velta A. Melnbrencis, Esqs.,* for defendants.

## OPINION

RESTANI, *Judge:* In this action for judicial review of the results of a 751 administrative review, plaintiff, an American importer of Canadian sulphur, moves to add documents and information to the administrative record. Plaintiff instituted this action pursuant to 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a (2)(B)(iii) (1982), which provides the vehicle by which plaintiff may challenge the administrative determination disputed here. Plaintiff contests the final determination of the International Trade Administration ("ITA") of the Department of Commerce of dumping margins on imports of elemental sulphur from Canada.[1]

In this motion, plaintiff seeks to add documents and information relating to three companies,[2] Canadian Superior, Gulf and Chev-

[1] The administrative determination, the results of which plaintiff challenges in this action, was published on November 18, 1983 at 48 Fed. Reg. 53592.
[2] Plaintiff originally requested the addition of documents and information relating to two other companies, Atlantic Richfield and Canadian Bright. Documents concerning these two companies are now in the record.

ron,[3] which documents and information were not included or considered in the administrative review, the results of which are now before this court. These three manufacturers of elemental sulphur were subject to an entirely separate review under section 751 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1675 (1982).[4] They were treated apart from other companies initially covered by the original antidumping finding[5] in large part because they were the subject of an earlier "Tentative Determination to Modify or Revoke Dumping Finding" by the Treasury Department.[6] Final results of the separate administrative reviews applicable to Canadian Superior, Chevron and Gulf were arrived at earlier than and were contained in different final determinations from the results at issue here. Beker did not participate in the separate proceedings nor did Beker request access to information in those proceedings for use in the proceeding under discussion. -

The essence of Beker's challenge on the merits is directed toward the methods used by the ITA to arrive at the dumping margins determined. More specifically, plaintiff attacks the use of the "best information available" procedure which was used for some of the determinations challenged. Beker argues "that in order to ascertain whether the information used was in fact the best available, fairness dictates that the information actually used must be compared with that which was not used."

Plaintiff's motion raises two principal issues:

(1) what constitutes the scope of the administrative record of a 751 administrative review for purposes of judicial review pursuant to section 1516a? and

(2) if the documents and information contained in this administrative record do not include those which plaintiff seeks to add, may plaintiff nevertheless expand the record with the supplementation of materials not presented to or before the decision-maker at the time of the determination?[7]

The record for review is defined as:

> (i) a copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission *during the course of the administrative proceeding,* including all governmental memoranda pertaining to the case and the record

[3] Chevron Company Resources, Limited [successor-in-interest to Chevron Standard, Ltd.] and Chevron Chemical Company ("Chevron") as *amici curiae* originally opposed plaintiff's motion to supplement the record, but have since come to an agreement with Beker, which is reflected in a stipulation entered into between the companies. Chevron agrees in the stipulation not to oppose Beker in this motion, and further agrees to allow the ITA to release business confidential information pertaining to transactions between Chevron and its customer Beker only. The Government still vigorously opposes plaintiff's motion with respect to Chevron as well as the other two companies.

[4] Notice of the preliminary results of the 751 review covering the three companies which are the subject of this motion was published on April 9, 1981 at 46 Fed. Reg. 21214 and concerned two additional companies, Hudson's Bay Oil and Shell Canada, in addition to the three exporters in question.

[5] On December 17, 1973, the Treasury Department, predecessor to the present administering authority, the ITA, published its antidumping finding with respect to elemental sulphur from Canada at 38 Fed. Reg. 34655, which covered 49 manufacturers or exporters of the subject merchandise.

[6] This tentative determination was published on February 8, 1979 at 44 Fed. Reg. 8057.

[7] Because the authorities and reasons supporting our decision on these questions overlap in great part, the issues will not be addressed separately.

of ex parte meetings required to be kept by section 1677f(a)(3) of this title; and

(ii) a copy of the determination, all transcripts or records of conferences or hearings, and all public notices published in the Federal Register.

19 U.S.C. § 1516a(b)(2)(A) (1982) (emphasis provided).[8] The operative language here is "during the course of the administrative proceeding." The question is whether this language means during the particular review proceeding which results in the determination which is the subject of challenge, or whether it means during the course of any phase of administrative proceedings, regardless of which 751 review is involved, if the proceedings stem from a single original antidumping finding or order. The plaintiff urges this latter approach.

To begin with, it is clear to this court that Congress intended to limit the scope of record for review to the particular determination made when it enacted section 1516a in the Trade Agreements Act of 1979. The Senate Committee on Finance stated specifically that:

[j]udicial review of determinations subject to the provisions of subsection (a)(1) would proceed upon the basis of information *before the relevant decision-maker at the time the decision was rendered* including any information that has been compiled as part of the formal record.

S. Rep. No. 96–249, 96th Cong., 1st Sess. 247–48 (1979) (emphasis supplied).

The court finds it impossible to read this passage in any sense but a limiting one. The scope of the record for purposes of judicial review is based upon information which was "before the relevant decision-maker" and was presented and considered "at the time the decision was rendered." It is obvious in this case that the relevant decision-maker was the ITA (and not the Treasury Department). It is equally clear that plaintiff is not challenging the original antidumping finding, but rather the final decisions made relating to the administrative review at issue, which decisions were published on November 28, 1983 in 48 Fed. Reg. 53592.

There is further statutory support for the proposition that the scope of the record for judicial review here is confined to the immediate administrative review in dispute. With regard to determinations listed in 19 U.S.C. § 1516a(a)(2)(B), among which the determination at issue is included, 19 U.S.C. § 1516a(2)(A) specifies that "an interested party who is a party to the proceeding in connection with which the matter arises may commence an action * * * contesting any factual findings or legal conclusions *upon which the determination is based.*" (Emphasis supplied.) Because the administrative record of a determination made during a review conducted

---

[8] Rule 71(a)(1) of this court tracks the language of 19 U.S.C. § 1516a(b)(2)(A)(i), and requires Commerce to file with the clerk "[a] copy of all information presented to or obtained by the administering authority or the Commission *during the course of the administrative proceedings.* * * *"

pursuant to 19 U.S.C. § 1675(a) is listed as a determination reviewable on the basis of the administrative record described in 19 U.S.C. § 1516a(a)(2)(B), it follows that the administrative record for our review is limited to the information that was presented to or obtained by the agency making the determination during the particular review proceeding for which section 1516 authorizes judicial review. This information, which constitutes the formal record, is the only information upon which the factual findings and legal conclusions underlying the challenged determination could have been based. Thus, we refer to our previous statements in *Beker Industries* v. *United States,* 7 CIT 199, (1984) that:

> [w]hen a determination by the administering authority under 19 U.S.C. § 1675 is contested, as here, the court's review is narrow. It is limited to a review of the administrative record for the purpose of determining whether the challenged determination or any underlying finding or conclusion is unsupported by substantial evidence on the record, or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B). *See Kyowa Gas Chemical Industry Co., Ltd.* v. *United States,* 7 CIT 138, at 5–6 (March 30, 1984).

As further support for this restrictive view of what constitutes the record for review, various cases are instructive, even if not controlling. In *Melamine Chemicals, Inc.* v. *United States,* 2 CIT 113 (1981) the plaintiff moved for an order to supplement the agency record by adding the International Trade Commission ("ITC") record in its investigation of melamine from the Netherlands. The motion arose in the context of an action previously instituted pursuant to 19 U.S.C. § 1516a(a)(2)(B) in which the plaintiff challenged a final negative determination made by the ITA. The ITA had previously issued a final affirmative determination with respect to melamine from Austria, Italy and the Netherlands, but had subsequently amended its original finding and had withdrawn the final affirmative determination as to the Netherlands case only. As a result of the withdrawal of the final affirmative determination, the ITC made no finding in the Netherlands case, but found that no material injury existed in the Australian and Italian cases. Plaintiff in *Melamine* argued that in order to assess the degree of prejudice which it suffered because of this withdrawal, it was essential that the agency record to be reviewed by the court include the record of injury investigation proceedings which had been conducted in the Austrian and Italian cases before the ITC.

The court concluded that "there is no discernible intent that the record for judicial review consist of *unrelated proceedings not raised during the particular administrative action under review.*" *Id.* at 116. Significantly, the court highlighted the fact that judicial review is not *de novo,* stating "[t]he intent is that the court have a meaningful and comprehensive record before it on review with the express purpose of eliminating the necessity of a *de novo* review in antidumping actions. Congress believes that by affording petition-

ers greater participation and rights at the administrative level with a full record of proceedings it accomplishes this goal." *Id.* at 115–16. The court went on to quote the Senate Report No. 96–249, 96th Cong., 1st Sess. 251, 252 (1979):

Section 516A would remove all doubt on whether *de novo* review is appropriate by excluding *de novo* review from consideration as a standard in antidumping and countervailing duty determinations. *De novo* review is both time consuming and duplicative. The amendments made by Title I of the Trade Agreements Act provide all parties with greater rights of participation at the administrative level and increased access to information upon which the decisions of the administering authority and the International Trade Commission are based. These changes, along with the new requirements for a record of the proceeding, have eliminated any need for *de novo* review.

*Id.* at 116.

The information with which plaintiff attempts to augment the record here derives from unrelated proceedings (different administrative reviews), although the same original antidumping order is involved. An attempt to supplement the record now in the fashion attempted by plaintiff is tantamount to seeking *de novo* review through the back door.

The case of *Bethlehem Steel Corp.* v. *United States,* 5 CIT 236, 566 F.Supp. 346 (1983) is also relevant. In a judicial review on the administrative record under 19 U.S.C. § 1516a of a final countervailing duty determination made by the ITA, plaintiff moved to require the United States to include in the administrative record certain material from contemporaneous investigations of steel products from other countries. Although the court found some degree of administrative decisionmaking common to all of the investigations, it refused to order any outside material to be added to the administrative record.

An additional case, although also not controlling, is insightful. In *Nakajima All Co., Ltd.* v. *United States,* 2 CIT 25 (1981), the plaintiff moved to amend and supplement the administrative record in an action under 19 U.S.C. § 1516a by adding two documents claimed to have come to the attention of counsel after the action had been commenced. The court agreed with the defendant and intervenor in that case that the granting of such a motion would be contrary to 19 U.S.C. § 1516a, which provides that determinations in antidumping proceedings are reviewed upon the administrative record. The court relied upon a plain reading of the statute as well as its legislative history. The court also noted that this scope of review, predicated solely upon the basis of the administrative record, is in accord with general principles of judicial review of administrative action.

Although plaintiff indicates that the ITA, in assembling the administrative record, may have omitted some documents which were

before the decision-makers in this particular proceeding, it has not substantiated this allegation nor has it asked for discovery on this point. Plaintiff has only asked for information which as far as the record before the court indicates, was not before the decision-makers. Thus, this case is distinguishable from those in which the decision-maker relied directly or indirectly on materials, including policy statements, which were not contained in the administrative record presented to the court. *See, e.g., Exxon Corporation* v. *Department of Energy,* 91 F.R.D. 26, 32–33 (N.D. Tex. 1981) and cases cited therein. Likewise, the plaintiff has not alleged bad faith on the part of the agency nor has it asked for discovery on this point. *See* discussion in *Public Power Council* v. *Johnson,* 674 F.2d 791, 794 (9th Cir. 1982).[9] Furthermore, the plaintiff has not alleged any failure on the ITA's part to provide the court with the basis of its determination, such as the data utilized in the agency's calculations. Such a failure, of course, would preclude the court from fulfilling its statutory obligation on review. *Cf. Industrial Fasteners Group, American Importers Association* v. *United States,* 2 CIT 181, 525 F.Supp. 885 (1981).

Finally, there are no extraordinary reasons which would warrant disregard of the normal principles regarding exhaustion of administrative remedies. Because the information and documents sought to be added are apparently from various proceedings which terminated between 1973 and 1984, plaintiff could have sought access to most, if not all, of this information and attempted to introduce it into the record at the agency level.[10] Plaintiff has made no showing that it could not have taken steps to place the information at issue before the administrative decision-maker, and the court should not allow it belatedly to expand the record with this information.

Congress has clearly defined the record subject to review, and the documents and information which plaintiff seeks to add to the administrative record do not fall within that definition. Plaintiff's motion is denied.

---

[9] The court does not find it relevant in deciding what was before the decisionmaker that the record available to the public at the ITA is undifferentiated as to § 751 review proceedings.

[10] 19 U.S.C. § 1675(d) requires, upon the request of any interested party, that the ITA hold a hearing in connection with the administrative review, after notice published in the Federal Register. *See also* 19 U.S.C. § 1677c (1982). Furthermore, provision for disclosure and hearings in the ITA's regulations is found at 19 C.F.R. § 353.53(d) (1983); *see also* 19 C.F.R. § 353.53(c). In fact, a public hearing regarding this administrative review was held on January 27, 1983, in which plaintiff participated.